UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANA TELLEZ,<br><br>   Plaintiff,<br><br> v.<br><br>O'REILLY AUTO ENTERPRISES, LLC,<br><br>   Defendant. | Case No. 18-cv-00282-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 28 |

   1. O'Reilly's motion for partial summary judgment is granted as to Tellez's retaliation-based claims. Even assuming that Tellez has made a prima facie case of retaliation, she hasn't presented evidence from which a reasonable juror could conclude that O'Reilly's stated reason for firing her (namely, that she threw a computer mouse at a customer) was a pretext and that the company's true motive was to retaliate against her for complaining about wage violations. Several months passed after Tellez first complained about the alleged wage violations without any adverse action; she was only terminated after she threw something at a customer – the last in a series of violations that had put her on "final warning" status (a status she held before she ever started complaining about wage violations).

   Tellez primarily argues that a series of small factual oddities in O'Reilly's narrative of the customer incident render the company's legitimate business reason for terminating Tellez "unworthy of credence." For example, Tellez argues that the fact that her store manager, Hewitt, did not immediately remove her from work is evidence that he didn't feel the incident was serious. Tellez also argues that the identity of the customer and the timing of his call complaining about Tellez were suspect. But none of these arguments raises a triable issue of fact

in light of the contemporaneous statements given by Hewitt, the customer, and Tellez herself regarding the incident. The fact that Tellez was on final warning status before she started complaining about wage violations is undisputed, as is the fact that she suffered no adverse action in the months following her complaints, and the fact that the company terminated her promptly after she threw the mouse at the customer. And regardless of what Tellez now says incited her mouse-throwing, she presents no evidence to suggest Victorino "did not honestly believe" Tellez had violated the company's rules of conduct. *King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 436 (2007).

Because Tellez cannot make out a claim that she was terminated in retaliation for whistleblowing, O'Reilly is also entitled to summary judgment on her Wrongful Termination and Intentional Infliction of Emotional Distress claims, which rely on the same alleged retaliation conduct.

2. Tellez claims that O'Reilly interfered with or denied her CFRA Leave in November-December 2016 and again in February 2017. O'Reilly is entitled to summary judgment on the 2016 claim: Tellez was given the leave she requested and although O'Reilly initially flubbed her vacation pay – to which she was entitled under O'Reilly policy – the company ultimately corrected its error.

O'Reilly's motion for partial summary judgment is denied, however, as it relates to Tellez's 2017 CFRA-leave claim. A reasonable jury could find that when Tellez called O'Reilly's leave of absence office, she requested leave to care for her sick daughter, but the company misconstrued her request and interfered with her right to take leave. And although it's a close question, a reasonable jury could find that Tellez was entitled to CFRA leave at the time: There are enough facts in the record to support a jury's finding that Tellez's daughter was an adult dependent. *See* Tellez Depo. Tr. at 173-75, 178, Def. Ex. 1, Dkt. No. 28-7; *see also* Cal. Gov. Code § 12945.2(c)(1); 2 C.C.R. § 11087(c).

**IT IS SO ORDERED.**

Dated: April 17, 2019

                                              VINCE CHHABRIA
                                              United States District Judge